IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROGER DUANE STONE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:16-CV-187-D |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY**

Petitioner ROGER DUANE STONE has filed with this Court a *Petition for a Writ of Habeas Corpus by a Person in State Custody*. For the reasons set forth below, petitioner's application for federal habeas corpus relief should be denied.

I.
PROCEDURAL HISTORY

On October 4, 2012, in the 316th Judicial District Court of Hutchinson County, Texas, petitioner was charged in a two-count Indictment with the 2nd degree felony offense of possession of four (4) grams or more but less than 200 grams of a controlled substance listed in Penalty Group 1 (methamphetamine) in violation of section 481.115(d) of the Texas Health and Safety Code,[1] and the 3rd degree felony offense of tampering with physical evidence in violation of section 37.09

---

[1] The Indictment improperly included language that the possession was "with intent to deliver" and "Page – 2" of the Indictment erroneously indicated the offense was a 1st degree felony. [ECF 11-2 at 10-11]. On September 23, 2013, the State abandoned the language in the Indictment. [ECF 11-3 at 6].

of the Texas Penal Code. *State v. Stone*, Cause No. 10,928 [ECF 11-2 at 10]. The Indictment did not contain an enhancement paragraph alleging a prior final felony conviction for purposes of enhancing punishment for the charged offenses. [ECF 11-2 at 10-11].

On September 20, 2013, however, the State filed notice that it intended to seek enhancement of petitioner's punishment ranges for the charged offenses pursuant to section 12.42 of the Texas Penal Code by proving petitioner had been finally convicted of a felony prior to the commission of the current charged offenses. [ECF 11-2 at 24-26]. In its notice, the State indicated it intended to provide evidence that in June 2004 petitioner had been convicted of the 3rd degree felony offense of possession of a controlled substance for which he was assessed a 6-year sentence, thereby increasing petitioner's punishment range for the possession offense to that of a 1st degree felony offense (5 to 99 years or life), and also increasing the punishment range for the tampering offense to that of a 2nd degree felony offense (2 to 20 years). [ECF 11-2 at 25]. The State additionally filed its notice of intent to use other extraneous offenses and other acts of misconduct of petitioner during the punishment phase of petitioner's trial which listed numerous other alleged bad acts of petitioner. [ECF 11-3 at 16-18].

On October 7, 2013, petitioner was tried before jury. During the trial, evidence was introduced that reflected petitioner pushed the investigating officer to the ground, the officer sustained minor injuries, petitioner fled on foot, and during the foot chase attempted to dispose of several plastic baggies containing methamphetamine and marijuana by throwing them in residential yards. The jury found petitioner guilty of both offenses as charged and, after petitioner's plea of true to the 2004 possession conviction/6-year sentence, found the State had proven the punishment enhancement allegation to be true. [ECF 11-4 at 14-15].

On October 8, 2013, at the punishment phase of the trial, the State presented evidence that petitioner had also been:

> convicted of the Class A misdemeanor offense of possession of marijuana in a drug free zone and sentenced to 30 days confinement in county jail in 2011;
>
> convicted of the state jail felony offense of evading arrest with a vehicle and sentenced to 14 months in state jail in 2010;
>
> convicted of the state jail felony offense of possession of a controlled substance and sentenced to 12 months in state jail in 2007;
>
> convicted of the state jail felony offense of forgery and, after revocation of a 3-year probated sentence, sentenced to two years in state jail in 1998; and
>
> convicted of the Class A misdemeanor offense of resisting arrest by force and sentenced to 30 days confinement in county jail in 1996.

[ECF 11-10 at 194-96, 210-11, 217; ECF 11-13 at 9; ECF 11-14 at 1-13; ECF 11-15 at 1-8]. The State further presented testimony that the amount of methamphetamine petitioner possessed was a "large amount" that would typically be used in more than one sitting. [ECF 11-10 at 201-02].

Petitioner called his sister, his brother and a daughter to testify at the punishment phase as to his 20-year drug problem, his desire and attempts to get help for his addiction, his loving, kind, gentle, caring and helpful nature, his honesty and trustworthiness, his available support system when he is not in prison, and their belief that petitioner needs rehabilitation rather than another prison sentence. [ECF 11-10 at 220-50]. Despite this testimony, the jury, presented with the enhanced punishment ranges, the evidence of petitioner's criminal history and his current offenses, sentenced petitioner to a term of seventy-five (75) years imprisonment for the 2nd degree possession of a controlled substance offense, enhanced, and two (2) years imprisonment for the 3rd degree tampering with evidence offense, enhanced.[2] [ECF 11-4 at 21-22]. On October 9, 2013,

---

[2] The jury also assessed a $10,000 fine for the possession of a controlled substance offense and a $1,000 fine for the tampering with evidence offense.

the trial court entered Judgment assessing petitioner's sentences to run concurrently.  [ECF 11-4 at 23, 11-5 at 1-4].

Petitioner filed a direct appeal of his possession conviction and resultant sentence, asserting his 75-year sentence "for mere *possession* of a controlled substance violated the Eighth Amendment prohibition against cruel and unusual punishment, where the 52-year old defendant is an addict living on disability, has had no opportunity for formal drug treatment, and is a decent, generous human being."  [ECF 11-16 at 1-18].  On May 15, 2015, after conducting a federal constitutional proportionality analysis that included consideration of petitioner's past criminal history and the similarity of the convicted offense under review, the state intermediate appellate court found petitioner's sentence was not grossly disproportionate so as to violate the Eighth Amendment's prohibition against cruel and unusual punishment and affirmed petitioner's conviction.  *Stone v. State*, No. 07-13-0034 [ECF 11-19 at 1-4].  Specifically, the intermediate appellate court found:

> Appellant was sentenced under the provisions of section 12.42 of the Texas Penal Code, a statute providing for penalties for repeat and habitual felony offenders. *See* TEX. PENAL CODE ANN. § 12.42 (West Supp. 2014).  Under this statute, sentence is imposed to reflect the seriousness of his most recent offense, not as it stands alone, but in light of prior offenses. *Winchester*, 246 S.W.3d at 390.  Further, a repeat offender's sentence is based not merely on that person's most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes. *Id*. (citing *Hicks v. State*, 15 S.W.3d 626, 632 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd)).  Therefore, in considering whether Appellant's sentences are "grossly disproportionate," we consider not only the present offenses but also his criminal history.  *Id*.
>
> Appellant's criminal history goes back as far as 1996 when he was arrested for resisting arrest.  In 1997, he was arrested for forgery of a financial document.  Although he received probation for three years, his probation was revoked in thirteen months and he was sentenced to two years confinement.  Thereafter, he was in and out of confinement on three successive convictions for possession of controlled substance(s) and for evading arrest or detention with a motor vehicle until his present conviction.  Given Appellant's past criminal history and the similarity of the offenses for which he now stands convicted, we cannot infer his

present sentence is grossly disproportionate. This is particularly so here where the sentence is less than the statutory maximum and evidence of disproportionality is lacking.

[*Id*. at 3-4].

Petitioner sought review of the intermediate appellate court's opinion by filing a petition for discretionary review [PDR] with the Texas Court of Criminal Appeals. [ECF 11-23 at 1-9]. On August 26, 2015, that court refused petitioner's PDR. *Stone v. State*, No. PD-0759-15 [ECF 11-24 at 1]. Petitioner did not seek further direct review by filing a petition for writ of certiorari with the United States Supreme Court [ECF 2 at 6], nor did petitioner seek collateral review challenging the constitutionality of his conviction and sentence by filing a petition for a state writ of habeas corpus. *Id.*

On August 26, 2016, petitioner filed the instant federal habeas petition. [ECF 1, 2]. On December 8, 2016, respondent filed an answer opposing federal habeas relief. [ECF 10].

II.
PETITIONER'S ALLEGATION

In his sole ground, petitioner contends his 75-year sentence for the offense of possession of a controlled substance violates the prohibition against cruel and unusual punishment set forth in the Eighth Amendment to the United States Constitution. [ECF 1 at 10].

III.
STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall <u>not</u> be granted with respect to any claim that was adjudicated on the merits in state court proceedings, unless he shows that the prior adjudication:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244-46 (5th Cir. 2002) (en banc per curiam), *cert. denied*, 537 U.S. 1104 (2003). A determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485.

Here, as noted above, petitioner directly appealed his conviction and sentence to the state intermediate appellate court who affirmed the trial court's judgment in a written opinion. The Texas Court of Criminal Appeals, the state's highest court, refused petitioner's direct appeal of the intermediate appellate court's decision on petition for discretionary review without opinion. For the purpose of this Court's analysis, "the federal court should 'look through' the unexplained decision [PDR] to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, __ U.S.__, 138 S. Ct. 1188, 1192 (2018). Consequently, this Court's review is limited to a

determination of whether petitioner has shown the state intermediate appellate court based its decision on an unreasonable determination of the facts in light of the evidence before the state court, or whether that decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court.

## IV.
## MERITS

Petitioner argues "a sentence of 75 years' imprisonment for mere *possession* of a controlled substance violate[s] the Eighth Amendment prohibition against cruel and unusual punishment, where the 52-year old defendant is an addict living on disability, has had no opportunity for formal drug treatment, and is a decent, generous human being." [ECF 1 at 10]. Petitioner contends not only that his prior criminal history and repeat past incarcerations are indicative that imprisonment has not and will not help him overcome his drug addiction, but also that continued confinement is counterproductive. Petitioner argues a 75-year sentence is "utterly disproportionate" to the possession offense and is degrading to petitioner's dignity, as testimony from relatives at sentencing demonstrate he is a "decent human being" who cannot overcome his addiction without treatment and rehabilitation. Petitioner maintains that although he was assaultive to the officer in attempting to avoid arrest, he did not possess a weapon, and even though he possessed a large amount of methamphetamine, it was for his personal use rather than for distribution. Petitioner also argues that even though he has a lengthy criminal record, his prior convictions did not involve "*real* violence, or sexual matters, or anything regarding children." Petitioner concludes that as his 75-year sentence amounts to a life sentence, it defies the trend toward rehabilitation and treatment. Petitioner concludes his sentence was disproportionate to the crime and thus violates the Eighth Amendment.

Petitioner has not cited, and the Court has not found, a case where a lengthy sentence for a repeat felon convicted of possession of a controlled substance was held to be disproportionate to the crime. In contrast, in her answer, respondent has accurately cited numerous Supreme Court and Fifth Circuit cases where long sentences for lesser offenses were found not to be grossly disproportionate or to violate the Eighth Amendment. [ECF 10 at 10-11]. Based on the comparative case law from these jurisdictions, respondent argues petitioner's 75-year sentence was proportional to his possession of a controlled substance conviction in light of his lengthy criminal history. The Court, however, does not reach this issue as petitioner cannot meet the threshold standards to obtain federal habeas relief.

Petitioner argues that in determining his 75-year sentence was not grossly disproportionate, the state appellate court placed too much emphasis on his "unremarkable criminal history" and did not mention either the possibility of rehabilitation rather than incarceration or the positive testimony about him provided by his relatives at the punishment phase of trial. Petitioner asserts in turn that those omissions violate Supreme Court case law instructing courts to analyze a sentence of a term of years in light of "*all* the circumstances in a particular case." Petitioner thus contends the state court's decision denying habeas relief was both contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, and was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Graham v. Florida*, the case upon which petitioner relies, the Court noted that in addressing the proportionality of sentences in cases involving "challenges to the length of term-of-years sentences," the Court "considers all of the circumstances of the case to determine whether the sentence is unconstitutionally excessive." *Graham v. Florida*, 560 U.S. 48, 59 (2010). The

state appellate court's decision specifically referenced petitioner's past criminal history, his demonstrated propensities to repeatedly commit other crimes, the similarity of his current convicted offense, and the fact that his assessed sentence was quite less than the statutory maximum in its proportionality analysis. Nevertheless, the absence of a reference to every other conceivable circumstance in the court's decision does not mean the court did not consider all of the circumstances of petitioner's case. The absence of a reference to petitioner's called character witnesses at the punishment phase of trial or to a perceived possibility of petitioner's rehabilitation was not fatal to the state appellate court's decision. Nor does such as absence render the court's determination on proportionality contrary to or an unreasonable application of federal law as determined by the United States Supreme Court, or an unreasonable determination of facts in light of the evidence. Petitioner's arguments of inadequacies in the state court decision are not sufficient to meet the threshold standards to obtain federal habeas relief.

Petitioner has not established the mandatory predicate that must be met before this Court can grant federal habeas relief. Consequently, the AEDPA re-litigation bar forecloses petitioner's claim, and petitioner's federal habeas application must be denied.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the Senior United States District Judge that the petition for a writ of habeas corpus filed by petitioner ROGER DUANE STONE be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions

and Recommendation to each party by the most efficient means available.

    IT IS SO RECOMMENDED.

    ENTERED February 20, 2019.

/s/ Lee Ann Reno
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

    Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

    Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).